UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| BIRENDRA BAHADUR HAMAL, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 19-2534 (RC) |
| | : | | |
| v. | : | Re Document No.: | 10 |
| | : | | |
| U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

**MEMORANDUM OPINION**

GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

**I. INTRODUCTION**

This case concerns Plaintiff's petition asking the United States Citizenship and Immigration Services ("USCIS") for classification as an individual of extraordinary ability in the arts. Plaintiff is a native and national of Nepal who sought this classification through Form I-140 based on his accomplishments and career as a director of drama and film. Compl. ¶¶ 16–18. USCIS denied Plaintiff's petition and later denied an appeal and successive motions to reconsider and reopen. *Id.* at ¶¶ 27–30. Plaintiff filed suit on June 21, 2019 seeking review of the denial under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, and the U.S. Constitution, claiming the denial constitutes arbitrary and capricious agency action and a violation of Plaintiff's right to Due Process. Compl. ¶¶ 31–39. Defendants now move to dismiss under Rule 12(b)(6), arguing that the Complaint fails to state a plausible claim for relief. *See* Defs.' Mot. Dismiss ("Defs.' Mot."), ECF No. 10; Defs.' Mem. Supp. Mot. Dismiss ("Defs.' Mem."), ECF No. 10-1. For the reasons set forth below, the Court grants in part and denies in part Defendants' motion.

## II.  BACKGROUND

### A.  Legal Framework

The Immigration and Nationality Act ("INA") allocates a certain number of visas for immigrants possessing "extraordinary ability in the sciences, arts, education, business, or athletics which has been demonstrated by sustained national or international acclaim and whose achievements have been recognized in the field through extensive documentation."  8 U.S.C. § 1153(b)(1)(A)(i).  The "extraordinary ability" designation is "extremely restrictive."  *Visinscaia v. Beers*, 4 F. Supp. 3d 126, 131 (D.D.C. 2013) (quoting *Lee v. Ziglar*, 237 F. Supp. 2d 914, 919 (N.D. Ill. 2002).  While the INA does not define "extraordinary ability," under federal regulations, the term "means a level of expertise indicating that the individual is one of that small percentage who have risen to the very top of the field of endeavor."  8 C.F.R. § 204.5(h)(2).  Perhaps unsurprisingly, courts have found that even highly accomplished individuals fail to win this designation.  *See Kazarian v. USCIS*, 596 F.3d 1115, 1122 (9th Cir. 2010) (upholding denial of petition of a published theoretical physicist specializing in non-Einsteinian theories of gravitation); *Lee*, 237 F. Supp. 2d at 918 (finding petition of "arguably one of the most famous baseball players in Korean history" properly denied where petitioner sought to coach baseball).

A petitioner seeking this designation must first submit evidence of either a one-time achievement, such as a major internationally recognized award, 8 C.F.R. § 204.5(h)(3), or evidence of at least three of the ten other types of achievements specified by regulation, 8 C.F.R. § 204.5(h)(3)(i)–(x).  After an initial showing, USCIS then makes a "final merits determination," weighing the totality of the evidence to determine if the petitioner has demonstrated extraordinary ability.  *See Visinscaia*, 4 F. Supp. 3d at 131–32 (explaining the two-step method used by USCIS) (citing *Kazarian*, 596 F.3d at 1120–21).  While the D.C. Circuit has not

discussed the substance of this two-step approach, the method has been adopted by USCIS. *See* USCIS, Policy Mem. 602-0005.1, *Evaluation of Evidence Submitted with Certain Form I-140 Petitions; Revisions to the Adjudicator's Field Manual (AFM) Chapter 22.2, AFM Update AD11-4* (2010).[1]

### B. Procedural History

Plaintiff's Complaint does not specify the exact procedural history of his petition's denial and subsequent appeals, but the Administrative Appeals Office ("AAO") Decisions attached to the Complaint and Defendants' Motion to Dismiss provide some context.[2]

The Director of the Nebraska Service Center denied Plaintiff's initial petition based on a finding that Plaintiff did not "satisfy the initial evidentiary criteria applicable to individuals of extraordinary ability, either a major, internationally recognized award or at least three of ten possible forms of documentation." AAO Decision at 1 (Oct. 1, 2018), ECF No. 10-3. Plaintiff appealed, submitting additional documentation and arguing that he did, in fact, meet at least three of the ten criteria. AAO Decision at 1 (Mar. 6, 2018), ECF No. 10-2. After a *de novo* review of the record, the AAO determined that "the record supports a finding that the Petitioner

---

[1] The Court takes judicial notice of USCIS's Policy Memorandum. *See Pharm. Research & Mfrs. of Am. v. U.S. Dep't of Health & Human Servs.*, 43 F. Supp. 3d 28, 33 (D.D.C. 2014) ("Courts in this jurisdiction have frequently taken judicial notice of information posted on official public websites of government agencies.")

[2] At the motion to dismiss stage, a court may only consider "facts alleged in the complaint, documents attached as exhibits or incorporated by reference, documents upon which the plaintiff's complaint necessarily relies, and facts of which the Court may take judicial notice." *Sierra v. Hayden*, 254 F. Supp. 3d 230, 237 (D.D.C. 2017). If a court considers other material, "it converts the motion to one for summary judgment." *Id.* (quoting *Void v. Smoot*, 218 F. Supp. 3d 101, 108 (D.D.C. 2016), *rev'd on other grounds*, No. 16-5367, 2017 WL 5664746 (D.C. Cir. Nov. 8, 2017)). Defendants attached all three AAO Decisions relevant to Plaintiff's claim to their motion; Plaintiff attached one AAO Decision. Because the Complaint attaches one AAO Decision, Compl. at 11, and necessarily relies on and describes the other two decisions, Compl. ¶¶ 27–30, the Court relies on the AAO Decisions without converting the motion to one for summary judgment.

meets three criteria, but it does not demonstrate that he has sustained national or international acclaim or is among the small percentage at the top of his field." *Id.* at 2.  Specifically, the AAO found that Plaintiff had established the artistic display criterion, 8 C.F.R. 204.5(h)(3)(vii), the judging criterion, 8 C.F.R. 204.5(h)(3)(iv), and the high salary criterion, 8 C.F.R. 204.5(h)(3)(ix). *Id.*  However, after considering and analyzing the totality of the evidence submitted by Plaintiff, the AAO dismissed the appeal. *Id.* at 2–6.

Plaintiff then filed motions to reconsider and to reopen his case. *See* AAO Decision at 2 (Oct. 1, 2018).  In support of this second appeal, Plaintiff submitted additional evidence relating to awards he had received alongside copies of his previously submitted evidence.  *Id.*  After another *de novo* review of the record, the AAO concluded that Plaintiff had "not established that [the] previous decision was incorrect based on the record . . . nor [did] his new evidence on motion demonstrate his eligibility for the benefit sought." *Id.* at 5.  The AAO considered a third appeal on a motion to reconsider but denied the motion after Plaintiff "present[ed] a nearly identical brief with previously submitted documentation." AAO Decision at 2 (May 15, 2019), ECF No. 10-4.  Plaintiff filed suit on June 21, 2019, shortly after the third AAO decision issued. At present, the full administrative record is not before the Court.

### III.  LEGAL STANDARD

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim" in order to give the defendant fair notice of the claim and the grounds upon which it rests.  Fed. R. Civ. P. 8(a)(2); *accord Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam).  A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a complaint" under that standard; it asks whether the plaintiff has properly stated a claim. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).  "To survive a motion to dismiss, a

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  This means that a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555–56 (citations omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are therefore insufficient to withstand a motion to dismiss.  *Iqbal*, 556 U.S. at 678.  A court need not accept a plaintiff's legal conclusions as true, *see id.*, nor must a court presume the veracity of legal conclusions that are couched as factual allegations.  *See Twombly*, 550 U.S. at 555.  However, a court considering a motion to dismiss presumes that the complaint's factual allegations are true and construes them liberally in the plaintiff's favor.  *See, e.g.*, *United States v. Philip Morris, Inc.*, 116 F. Supp. 2d 131, 135 (D.D.C. 2000).

## IV.  ANALYSIS

### A.  APA Claim

Under the APA, a plaintiff challenging agency action can prevail if a court finds that the action was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A).  This standard of review encourages courts to defer to the agency's expertise.  *See Motor Vehicle Mfrs. Ass'n of United States, Inc., v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).  Agency action is arbitrary and capricious "if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Del. Riverkeeper Network v. FERC*, 753 F.3d 1304, 1313 (D.C.

Cir. 2014) (quoting *State Farm*, 463 U.S. at 43).  Rather than resolving factual issues, the district court's role in reviewing agency action "is to determine whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did." *Bates v. Donley*, 935 F. Supp. 2d 14, 22-23 (D.D.C. 2013) (quoting *Stuttering Found. of Am. v. Springer*, 498 F. Supp. 2d 203, 207 (D.D.C. 2007)).  To state a proper claim under the APA, a plaintiff must allege facts that, if true, plausibly establish that the agency action is arbitrary and capricious.  *See Akpan v. Cissna*, 288 F. Supp. 3d 155, 165 (D.D.C. 2018); *XP Vehicles, Inc. v. Dep't of Energy*, 118 F. Supp 3d 38, 78 (D.D.C. 2015); *James V. Hurson Assocs., Inc. v. Glickman*, 229 F.3d 277, 284 (D.C. Cir. 2000).

      Defendants argue that the Complaint should be dismissed because Plaintiff offers no factual allegations that show the agency "relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." Defs.' Mem. at 7.  Plaintiff contends that the Complaint pleads facts about "Plaintiff's substantial achievements and national recognitions in Nepal that are sufficient at the pleading stage to support Plaintiff's challenge" to the finding that the submitted evidence "does not show that the field recognizes these awards for excellence, or that they are recognized nationally (in Nepal) for excellence in Plaintiff's field of endeavor." Pl.'s Opp'n at 2, ECF No. 11.  Plaintiff claims the facts pled in the Complaint "raise[] a substantial issue as to whether Defendant's actions were arbitrary and capricious." *Id.*  Defendants' Reply argues that "[w]hile Plaintiff plainly disagrees with the outcome, he alleges no specific factual failings in the AAO Decisions which would entitle him to relief." Defs.' Reply at 5, ECF No. 15.  Defendants note that to prove an agency action is

arbitrary and capricious or an abuse of discretion, a plaintiff "'must point to facts or factual failings in the administrative record that indicate [such abuse occurred.] If a plaintiff cannot do so, then the agency's decision stands.'" Defs.' Reply at 2 (quoting *Integrity Gymnastics & Pure Power Cheerleading, LLC v. U.S. Citizenship & Immigr. Servs.*, 131 F. Supp. 3d 721, 727 (S.D. Ohio 2015)).

      Defendants' argument is unusual in an administrative record review case such as this because the entire record is not before the Court. At times, it seems the Defendants would have the Court apply a standard more appropriate at the summary judgment stage, where the Court reviews the whole record to determine whether the agency action is reasonable. *See* Defs.' Reply at 2 ("Plaintiff fails to establish the AAO decisions were arbitrary and capricious"); *id.* ("plaintiff must point to facts or factual failings in the administrative record"); *id.* at 4 ("[Plaintiff] is asking the court to reweigh the evidence and come to its own conclusion about his immigrant visa eligibility"). But without fully reviewing the entire administrative record, it would be premature to declare that the agency acted reasonably. At this early stage, Plaintiff is only required to plead "a short and plain statement of the claim" in order to give the defendant fair notice of the grounds upon which it rests. Fed. R. Civ. P. 8(a)(2). Plaintiff's Complaint satisfies this standard and gives Defendants notice of the nature of the claim—that the agency action was contrary to the weight of the evidence in the record and, therefore, was arbitrary and capricious. As such, the Court will deny Defendants' motion to dismiss and await a properly supported motion for summary judgment with citations to the certified administrative record. *See Vargus v. McHugh*, 87 F. Supp. 3d 298, 301 (D.D.C. 2015) ("When recourse to the record is necessary, a court 'should have before it neither more nor less information than did the agency when it made its decision.") (quoting *Boswell Memorial Hosp. v. Heckler*, 749 F.2d 788, 792 (D.C. Cir. 1984));

*Farrell v. Tillerson*, 315 F. Supp. 3d 47, 72 n.16 (D.D.C. 2018) (citing *Boswell*, 749 F.2d at 793); *Swedish American Hosp. v. Sebelius*, 691 F. Supp. 2d 80, 89 (D.D.C. 2010) (denying motion to dismiss where entire administrative record was not before the court).

### B. Due Process Claim

The Court construes Plaintiff's Due Process claim as one alleging violation of his procedural Due Process rights. *See* Compl. ¶ 39 ("Defendants' failure to give Plaintiff a *meaningful opportunity to challenge* the basis of the denial of the I-140 application violated his substantive Due Process rights.") (emphasis added).[3] "To succeed on a due process claim, a plaintiff must show that there was a cognizable liberty or property interest at stake." *Smirnov v. Clinton*, 806 F. Supp. 2d 1, 12 (D.D.C. 2011) (citing *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976)). If a cognizable liberty or property interest is at stake, due process requires only "a meaningful opportunity to present" a case. *Mathews*, 424 U.S. at 349. Because Plaintiff has not pled facts that plausibly demonstrate a cognizable property or liberty interest in the "extremely restrictive" extraordinary ability designation, and because Plaintiff did not allege any facts that establish a defect in the administrative process, the Court will dismiss his Due Process claim.

---

[3] To the extent Plaintiff raises a substantive Due Process claim, it still cannot survive Defendants' motion to dismiss. A substantive due process claim requires a plaintiff to show violation of a fundamental right "deeply rooted in this Nation's history." *Abigail Alliance for Better Access to Developmental Drugs v. von Eschenbach*, 495 F.3d 695, 702 (D.C. Cir. 2007) (en banc) (citing *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997)). To constitute a substantive due process violation, the official conduct must be "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscious." *Sanders v. District of Columbia*, 522 F. Supp. 2d 83, 91–92 (quoting *Estate of Phillips v. District of Columbia*, 455 F.3d 397, 403 (D.C. Cir. 2006)). Plaintiff here pleads no facts that would show violation of a fundamental right or actions rising to the requisite level of egregiousness. Instead, the Complaint contains a conclusory statement that the denial of his petition violated his substantive due process rights. Compl. ¶ 39. Accordingly, to the extent the Complaint alleges a substantive due process violation, it fails to state a claim and must be dismissed.

### C. Leave to Amend

In his opposition to Defendants' motion, Plaintiff asks that if the Court grants the motion, Plaintiff be given leave to amend the Complaint.  Pl.'s Opp'n at 6–7.  Leave to amend a complaint should be "freely give[n]" when "justice so requires."  Fed. R. Civ. P 15(a)(2).  Given the early stage of this litigation, the Court will grant Plaintiff leave to amend his Due Process claim.[4]

## V.  CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: June 3, 2020                                                              RUDOLPH CONTRERAS
                                                                                              United States District Judge

---

[4] However, the Court is skeptical that Plaintiff will be able to allege sufficient facts to support a procedural Due Process claim.  Generally, there is no property right in an immigrant visa.  *See Smirnov v. Clinton*, 806 F. Supp. 2d 1, 12 (D.D.C. 2011) (citing *United States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537, 542 (1950)); *see also Tingzi Wang v. United States Citizenship and Immigration Services*, 375 F. Supp. 3d 22, 40–41 (D.D.C. 2019).  Furthermore, as Defendants note, Defs.' Mem. at 7, Plaintiff had three opportunities to appeal his case.  Without alleging any specific shortcomings in this process, Plaintiff's claim will not be properly pled.