# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| BIRENDRA BAHADUR HAMAL, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 19-2534 (RC) |
| | : | | |
| v. | : | Re Document No.: | 25 |
| | : | | |
| U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

## MEMORANDUM OPINION

GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

This case concerns Plaintiff Birendra Bahadur Hamal's petition asking the United States Citizenship and Immigration Services ("USCIS") for classification as an individual of extraordinary ability in the arts. Plaintiff, a native and national of Nepal, is a director of film and drama and sought the extraordinary ability in the arts classification based on his accomplishments in his field. USCIS denied his petition and later denied his appeal and motions to reconsider. Plaintiff filed suit and seeks review of the agency's decision under the Administrative Procedure Act ("APA"), claiming that the decision was arbitrary and capricious. The Court previously denied Defendants' motion to dismiss Plaintiff's APA claim, concluding that Plaintiff adequately pled the claim and that it could not determine whether the agency's decision was reasonable without first reviewing the administrative record. Now before the Court is Defendants' motion for summary judgment based on the contents of the certified administrative record. For the reasons set forth below, the Court concludes that the agency decision was not arbitrary or capricious and grants Defendants' motion for summary judgment.

## II.  BACKGROUND

### A.  Legal Framework

The Immigration and Nationality Act ("INA") provides a certain number of visas for immigrants with an "extraordinary ability in the sciences, arts, education, business, or athletics which has been demonstrated by sustained national or international acclaim and whose achievements have been recognized in the field through extensive documentation."  8 U.S.C. § 1153(b)(1)(A)(i).  As the Court has previously explained, "[t]he 'extraordinary ability' designation is 'extremely restrictive.'"  *Hamal v. U.S. Dep't of Homeland Security*, No. 19-cv-2534, 2020 WL 2934954, at *1 (D.D.C. June 3, 2020) (quoting *Visinscaia v. Beers*, 4 F. Supp. 3d 126, 131 (D.D.C. 2013)).  USCIS follows a two-step method to determine eligibility for an extraordinary ability immigrant visa.  *See Kazarian v. USCIS*, 596 F.3d 1115, 1119–20 (9th Cir. 2010).  First, a petitioner seeking this particular visa must submit evidence of either a one-time achievement, such as a major internationally recognized award, or evidence that the petitioner meets at least three of the ten categories of achievements specified in the regulation.  8 C.F.R. § 204.5(h).  If the petitioner makes this initial showing, USCIS then makes a "final merits determination," weighing the totality of the evidence to determine "whether the evidence demonstrates extraordinary ability."  *Visinscaia*, 4 F. Supp. 3d at 131; *see also id.* at 131–32 (discussing the two-step method used by USCIS) (citing *Kazarian*, 596 F.3d at 1120–21).

### B.  Procedural History

Plaintiff initially petitioned USCIS to be classified as an individual of extraordinary ability on Form I-140.  *See* Certified Administrative Record ("A.R.") 2535–40, ECF No. 29-1.[1]

---

[1] The parties submitted a Joint Appendix in accordance with Local Rule 7(n) that contains the relevant portions of the administrative record.  The Court cites the bates numbers that correspond to the administrative record rather than the Joint Appendix.

In response, USCIS issued a Request for Evidence ("RFE") seeking more information to support Plaintiff's petition. *See* A.R. 2076–84. The RFE explained the two-part analysis that USCIS uses to determine whether an individual qualifies for the extraordinary ability classification. *See* A.R. 2078. The RFE also described the type of evidence that could support Plaintiff's petition, including evidence of prizes or awards, membership in exclusive associations, published materials about his accomplishments, evidence showing major contributions to the field, scholarly publications, public display of his work, and a high salary. *See* A.R. 2078–82. Moreover, the RFE stated that if Plaintiff could make the initial showing under the two-part analysis, USCIS would evaluate the totality of the evidence to determine "whether or not the petitioner, by a preponderance of the evidence, ha[d] demonstrated . . . sustained national or international acclaim and that . . . the beneficiary is one of that small percentage who has risen to the very top of the field of endeavor." A.R. 2083.

Although Plaintiff submitted additional evidence, USCIS denied his petition. *See* A.R. 2070–75. USCIS determined that Plaintiff did "not establish[] by a preponderance of the evidence that [he] meets at least three of the antecedent evidentiary prongs" outlined by regulation. A.R. 2074. As such, in its initial decision, USCIS did "not conduct a final merits determination to determine whether [Plaintiff] has reached a level of expertise indicating that [he] is one of that small percentage who have risen to the very top of the field of endeavor, and whether [he] has sustained acclaim." A.R. 2074. Plaintiff administratively appealed the denial of his petition. *See* A.R. 1437–41 (Plaintiff's Notice of Appeal); *see also* A.R. 1455–76 (Plaintiff's Brief in Support of Appeal).

After conducting a *de novo* review of the submitted materials, the Administrative Appeals Office ("AAO") dismissed Plaintiff's appeal. *See* A.R. 1431–36. The AAO found that

3

Plaintiff had, in fact, put forth sufficient evidence to "satisf[y] three of the ten initial evidentiary criteria." A.R. 1432.  Upon reviewing the totality of the evidence, however, the AAO concluded that Plaintiff had not demonstrated his eligibility for the extraordinary ability classification. A.R. 1433–36.  Specifically, the AAO found that although Plaintiff provided evidence that he had received awards from organizations affiliated with the Government of Nepal, he "did not demonstrate that the field recognizes these as awards for excellence." A.R. 1433.  The AAO stated that "the record does not document that the competitions included accomplished directors and artists from throughout [Plaintiff's] field reflecting that he received awards against acclaimed competition." A.R. 1433.  Similarly, the AAO found that Plaintiff's evidence regarding his membership in particular associations "did not establish that his membership requires outstanding achievements, as judged by recognized national or international experts." A.R. 1433–34.  The AAO also considered the newspaper articles, reviews, and books contained in the record.  See A.R. 1434.  Despite Plaintiff's submission, the AAO concluded that he failed to show "that his press coverage is indicative of a level of success consistent with being among 'that small percentage who have risen to the very top of the field of endeavor.'" A.R. 1434 (quoting 8 C.F.R. § 204.5(h)(2)).  The AAO made similar conclusions after considering the evidence in the record regarding Plaintiff's judging of competitions, his contributions to the field, the display of this work publicly, and his work with other theater organizations in Nepal. See A.R. 1434–35.

     Plaintiff responded to the dismissal of his appeal by filing a motion to reopen and reconsider.  See A.R. 727–60.  Plaintiff attached several new letters to his motion from various organizations that had been mentioned in his original petition, including the Nepal Academy of Music and Drama, the Nepal Centre of the International Theatre Institute, and the Nepal Cultural

4

Corporation.  *See* A.R. 779–85.  The letters from the various organizations all list the awards Plaintiff has received and speak to the importance of the awards in Nepal, though they use identical language.  *See* A.R. 779 (letter from Nepal Academy of Music and Drama stating "[t]he awards received by Mr. Hamal have national level recognition and geographical scope of the award is all over Nepal"); A.R. 781 (letter from Nepal Academy using identical language); A.R. 784 (letter from Nepal Cultural Corporation using identical language).  The AAO determined that Plaintiff failed to demonstrate "that [the] appellate decision was incorrect" as a matter of law or policy.  A.R. 710.  Furthermore, the AAO found that the newly submitted materials did not change the calculus because "the identical language calls into question whether the letters were independently prepared by the authors," thereby diminishing their probative value.  A.R. 710.  Plaintiff filed another motion to reconsider based on largely the same arguments, A.R. 21–22, that the AAO denied, A.R. 1–4, before he filed this lawsuit.

Defendants now move for summary judgment based on the contents of the certified administrative record.  *See* Defs.' Mem. Supp. Mot. Summ. J. ("Defs.' Mot."), ECF No. 25-1.  Plaintiff opposes and maintains that the administrative decisions denying his petition are arbitrary and capricious because they run counter to the evidence in the record.  *See* Pl.'s Mem. Opp'n ("Pl.'s Opp'n"), ECF No. 27.  The Court has reviewed the parties' briefing and the administrative record and Defendants' motion is ripe for decision.  *See* Defs.' Reply, ECF No. 28.

### III.  LEGAL STANDARD

In a typical case, a court may grant summary judgment to a movant who "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  But when assessing administrative action, at the summary

5

judgment stage "the district judge sits as an appellate tribunal," *Am. Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1083 (D.C. Cir. 2001), limited to determining whether, as a matter of law, the evidence in the administrative record supports the agency's decision, *Citizens for Resp. & Ethics in Wash. v. SEC*, 916 F. Supp. 2d 141, 145 (D.D.C. 2013). In such a case, the complaint "actually presents no factual allegations, but rather only arguments about the legal conclusion to be drawn about the agency action." *Rempfer v. Sharfstein*, 583 F.3d 860, 865 (D.C. Cir. 2009) (quoting *Marshall Cty. Health Care Auth. v. Shalala*, 988 F.2d 1221, 1226 (D.C. Cir. 1993)). Accordingly, the Court's review "is based on the agency record and limited to determining whether the agency acted arbitrarily or capriciously." *Id.* (citing 5 U.S.C. § 706).

Agency action is arbitrary and capricious if the agency "relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Agape Church, Inc. v. FCC*, 738 F.3d 397, 410 (D.C. Cir. 2013) (quoting *Motor Vehicle Mfrs. Ass'n of the U.S. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)). In performing this "narrow" review, the court "is not to substitute its judgment for that of the agency." *State Farm*, 463 U.S. at 43. Review under this standard is therefore deferential, not *de novo*. *See Recording Indus. Ass'n of Am. v. Librarian of Congress*, 608 F.3d 861, 865 (D.C. Cir. 2010). For a decision to withstand judicial scrutiny, the agency "at least 'must examine' the relevant factors . . . and articulate a 'rational connection' between the record and [its] decision." *AT&T, Inc. v. FCC*, 886 F.3d 1236, 1245 (D.C. Cir. 2018) (quoting *State Farm*, 463 U.S. at 43).

## IV.  ANALYSIS

Defendants argue that they are entitled to summary judgment because the agency considered all the evidence submitted by Plaintiff and reasonably determined that he failed to establish eligibility for the highly restrictive extraordinary ability visa category.  *See* Defs.' Mot. at 13–15.  Defendants maintain that Plaintiff's challenge amounts to a request for this Court to reweigh the factual evidence presented to the agency—a challenge, they argue, that must fail under the applicable standard of review.  *See id.*  Plaintiff argues in opposition that the agency decision rejecting his petition was contrary to the evidence in the record and that his submission satisfied the regulatory standards governing the extraordinary ability visa category.  *See* Pl.'s Opp'n at 8–9.  Furthermore, Plaintiff contends that the agency inappropriately "conflated the *national* and *international* acclaim standards" even though "Plaintiff's burden before the AAO was to show only that he was acclaimed *nationally*."  *Id.* at 8 (emphasis in original).

Based on a review of the entire record and parties' briefing, the Court concludes that the agency's decision denying Plaintiff's petition was not arbitrary or capricious.  The AAO decisions reflect careful consideration of all the submitted evidence and articulate a rational connection between the record and the decision.  *See AT&T*, 886 F.3d at 1245 (quoting *State Farm*, 463 U.S. at 43).  For example, in the decision dismissing his appeal, the AAO examined the evidence of Plaintiff's awards.  *See* A.R. 1433.  Acknowledging that Plaintiff had received the awards, the AAO explained that Plaintiff "did not demonstrate that the field recognizes these as awards for excellence."  A.R. 1433.  The record did "not document that the competitions included accomplished directors and artists from throughout [Plaintiff's] field reflecting that he received awards against acclaimed competition."  A.R. 1433.  Because the record did not contextualize the awards received by Plaintiff throughout his career, it is entirely reasonable to

conclude that the awards do not, without more, demonstrate sustained national or international acclaim. The AAO noted a similar failure to contextualize several other categories of evidence submitted by Plaintiff. *See* A.R. 1433–34 ("[Plaintiff] did not establish that his membership [in various associations] requires outstanding achievements, as judged by recognized national or international experts."); A.R. 1434 ("[Plaintiff] did not demonstrate that the competitions [he judged] are considered prestigious or attract significant attention by the field."); A.R. 1435 ("[Plaintiff] did not establish that his work at [the Mask Art Theatre and Nepal Cultural Corporation] has been recognized by the field as being significantly important or viewed as unusually influential."). The AAO further considered the publications submitted by Plaintiff and letters vouching for his contributions to the field. *See* A.R. 1434–35. The agency acknowledged this evidence but determined that Plaintiff failed to show that "his press coverage is indicative of a level of success consistent with being" at the top of his field, A.R. 1434, and that the submitted evidence did not show "that [Plaintiff] has significantly influenced the field," A.R. 1435. Rather than "dismissing the extensive record," Pl.'s Opp'n at 8, the AAO's decision reflects a searching review of everything that Plaintiff submitted.[2] Under the appropriate standard of review, the agency's judgment must stand if it is rationally connected to the record. *See State Farm*, 463 U.S. at 43. Based on the AAO's consideration of all the evidence[3] and its reasoning underlying

---

[2] Plaintiff contends that "Defendants have not satisfactorily explained the AAO's rejection of an extensive record" and that "[o]ne is hard-pressed to think what more evidence would be required" to establish eligibility for the visa category. Pl.'s Opp'n at 8–9. The Court disagrees. The AAO explained that much of the evidence submitted by Plaintiff lacked a context showing that Plaintiff enjoyed sustained national or international acclaim and sat at the top of his field. *See Visinscaia*, 4 F. Supp. 3d at 131–32 (citing *Kazarian*, 596 F.3d at 1120–21). Persuasive evidence providing that context may have helped Plaintiff's petition.

[3] The Court also finds reasonable the AAO's conclusion that the identical language in the letters submitted with Plaintiff's motion to reconsider and reopen undermined their probative value. *See* A.R. 710. The identical language suggests that the letters were all prepared by the same person and calls into question the persuasive value of the letters' content.

8

the decision, the Court concludes that the denial of Plaintiff's petition for the "extremely restrictive" visa category, *Visinscaia*, 4 F. Supp. 3d at 131, was reasonable and appropriately supported by the record.[4]

The Court is not convinced that the AAO inappropriately conflated the national and international acclaim standards, as suggested by Plaintiff. The AAO repeatedly stated that they were analyzing whether Plaintiff had achieved "sustained national or international acclaim." *E.g.*, A.R. 1433. Therefore, on its face, the AAO was looking for either sustained national acclaim or sustained international acclaim. There is no indication that the AAO failed to "clearly distinguish[] between *national* and *international* acclaim," as argued by Plaintiff. Pl.'s Opp'n at 2. The AAO instead merely found that neither type of acclaim was demonstrated.

Plaintiff's arguments concerning national acclaim also misstate the law. Plaintiff argues that "[a]chieving *national* acclaim in Nepal is all that is apparently required under the regulation." Pl.'s Opp'n at 2; *see also id.* at 8 ("Plaintiff's burden before the AAO was to show only that he was acclaimed *nationally*."). This is incorrect. In addition to the requirement of demonstrating "sustained national or international acclaim," Plaintiff was also required to provide evidence demonstrating "that his or her achievements have been recognized in the field of expertise." 8 C.F.R. § 204.5(h)(3). The AAO did not find that this latter requirement was met, noting, for example, that Plaintiff "did not establish that his work at [certain] organizations has been recognized by the field as being significantly important or viewed as unusually

---

[4] The Court's conclusion is not meant as a comment on Plaintiff's abilities as a director or his accomplishments throughout his career. Indeed, the record suggests that Plaintiff is a very talented artist. The Court's review is limited, however, to determining whether the agency articulated a rational connection between the record and its decision. The Court may not substitute its own judgment in place of the agency's. Given the restrictive nature of the extraordinary ability visa category and the agency's consideration of the evidence, the Court finds that the agency's decision was reasonable.

influential." A.R. 1435. Therefore, even if Plaintiff's argument about conflating national and international acclaim were correct, his opposition would still ultimately fail because both acclaim and recognition must be shown; the AAO did not find either; Plaintiff's argument concerns only acclaim; and as the Court explains above, the AAO's decision was not otherwise arbitrary or capricious.

Plaintiff's sole focus on "acclaim" is misguided for another reason. Although "[a] petition for an alien of extraordinary ability must be accompanied by evidence that the alien has sustained national or international acclaim and that his or her achievements have been recognized in the field of expertise," 8 C.F.R. § 204.5(h)(3), the ultimate question remains whether Plaintiff demonstrated extraordinary ability, *see Visinscaia*, 4 F. Supp. 3d at 131 ("If the alien satisfies her initial evidentiary burden—that is, if she proves that she has met either of the requirements of § 204.5(h)(3)—USCIS must then decide, in a 'final merits determination' and weighing the documentation offered, whether the evidence demonstrates extraordinary ability."). "Extraordinary ability" is defined as "a level of expertise indicating that the individual is one of that small percentage who have risen to the very top of the field of endeavor." *Id.* § 204.5(h)(2). Demonstrating sustained national acclaim may in some cases be sufficient to also demonstrate both recognition and extraordinary ability, but Plaintiff is incorrect that it is necessarily sufficient. *See* Pl.'s Opp'n at 2 ("Achieving *national* acclaim in Nepal is all that is apparently required under the regulation."). Therefore, Plaintiff's argument that the AAO erred merely because Plaintiff demonstrated "sustained *national* acclaim and [that he] was at the top of his field *in Nepal*," Pl.'s Opp'n at 2, is incorrect. The AAO repeatedly recounted why Plaintiff's evidence failed to show that he was "among 'that small percentage who have risen to the very top of the field of endeavor.'" *E.g.*, A.R. 1434 (quoting 8 C.F.R. § 204.5(h)(2)).

Instead, the AAO reasonably concluded that the submitted evidence failed to demonstrate sustained national or international acclaim, recognition in the field of expertise, and that Plaintiff has risen to the very top of his field.  For the reasons described above, the evidence Plaintiff submitted lacked context demonstrating sustained success on either the national or international levels.  Plaintiff contends that the record contained evidence of "top awards and prizes" from "esteemed and preeminent organizations related to the Nepalese film industry."  Pl.'s Opp'n at 8.  But the issue is that, whether or not that is true, the record before the agency did not establish that the awards Plaintiff has won are "top awards and prizes" in the field of endeavor and it failed to show the preeminence of the organizations to which he belongs.[5]

The extraordinary ability visa category is reserved for a very small percentage of prospective immigrants.  Courts have therefore upheld denials of this restrictive category for very impressive individuals.  *See Visinscaia*, 4 F. Supp. 3d at 136 ("[The Court] has little doubt that Svetlana Visinscaia is a very good ballroom dancer.  But that is a different question from whether USCIS acted arbitrarily when it denied her application for an extraordinary-ability visa."); *see also Kazarian*, 596 F.3d at 1122 (upholding denial of petition of a published theoretical physicist specializing in non-Einsteinian theories of gravitation); *Lee v. Ziglar*, 237 F. Supp. 2d 914, 918 (N.D. Ill. 2002) (finding petition of "arguably one of the most famous baseball players in Korean history" properly denied where petitioner sought to coach baseball).

---

[5] The Court also finds the AAO's denials of Plaintiff's motions to reconsider and reopen were not arbitrary or capricious.  The AAO considered the additional evidence submitted by Plaintiff but explained that he failed to show how the dismissal of his appeal incorrectly applied the law.  A.R. 709.  The Court agrees.  Similar to his challenge today, Plaintiff's motions to reconsider contain a plea to reweigh the evidence rather than a demonstration of legal error.  For this reason, the AAO's denials of Plaintiff's motions to reconsider and reopen were also reasonable.

Although Plaintiff is also an impressive individual, the Court concludes that the agency's decision denying his petition is supported by the record and is, thus, not arbitrary or capricious.

## V.  CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment (ECF No. 25) is **GRANTED**.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  June 8, 2021                                                                RUDOLPH CONTRERAS
                                                                                                    United States District Judge